

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00189-CR

Danny V. **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2708
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed: April 9, 2014

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on February 4, 2014. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed March 6, 2014. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on March 21, 2014. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on March 14, 2014, but appellant did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered

timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* After reviewing the record, it appeared to the court that appellant's notice of appeal was untimely filed, and no motion for extension of time was filed.

By order dated March 26, 2014, appellant was ordered to show cause why this appeal should not be dismissed for lack of jurisdiction.[1] *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). On April 1, 2014, appellant's attorney filed a written response conceding that this court is without jurisdiction to consider this appeal. Because appellant's notice of appeal was untimely filed, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] The order also noted that the trial court's certification in the appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* Tex. R. App. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d).